UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWENDOLYN HAMIDOU,

    Plaintiff,

v.                                                  Case No. 1:20-cv-321

COMMISSIONER OF SOCIAL         Hon. Ray Kent
SECURITY,

    Defendant,
_____/

**OPINION**

    Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her application for disability insurance benefits (DIB).

    Plaintiff filed an application for DIB on July 16, 2016, alleging a disability onset date of March 13, 2016. PageID.59. Plaintiff identified her disabling conditions as: chronic pain and arthritis in the hands, hips, back, shoulder, and neck; depression; anxiety; post traumatic stress disorder (PTSD); unstable hypertension; urinary incontinence; inability to process information and make decisions under stress; general weakness and trembling with mild exertion; impaired balance and weakness related to a history of left foot surgery; and a sleep disorder. PageID.337. Prior to applying for DIB, plaintiff completed three years of college and had past employment as a registered nurse and nurse supervisor. PageID.69, 339. An administrative law judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on March

11, 2019.  PageID.59-71.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

> I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than twelve months.  *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.     ALJ's DECISION

Plaintiff's application for DIB failed at the fifth step of the evaluation.  At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 13, 2016, and that she meets the insured status requirements of the Social

Security Act through December 31, 2021. PageID.61. At the second step, the ALJ found that plaintiff had severe impairments of anxiety, depression, PTSD, and obesity. *Id*. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.63.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except she can lift/carry/push/pull 50 pounds occasionally and 25 pounds frequently; sitting for six hours, standing for six hours, walking for six hours. She is limited to no fast-paced work. The claimant can do SVP 5 or lower work. She can have no managerial responsibilities.

PageID.65. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.69.

At step five, the ALJ found that plaintiff could perform a range of unskilled, medium work in the national economy. PageID.70-71. Specifically, plaintiff could perform work such as cleaner (1,000,000 jobs), housekeeping (400,000 jobs), and stock clerk (90,000 jobs). PageID.71. Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, from March 13, 2016 (the alleged onset date) through March 11, 2019 (the date of the decision). PageID.71.

### III. DISCUSSION

Plaintiff raised six errors on appeal.

> **A. Whether the ALJ erred in failing to take into account the full extent of plaintiff's limitations and therefore failed to base her determination and RFC on substantial evidence in the record.**
>
> **B. Whether the ALJ erred in discounting the severity of plaintiff's complaints by wrongly determining they were inconsistent with the objective medical record.**

4

> **C. Whether the ALJ erred in failing to take into account the full extent of plaintiff's limitations and therefore failed to base her determination and RFC on substantial evidence in the record** [same error as ¶ A].
>
> **D. Whether the ALJ failed to follow the proper legal standards and required procedural protections for plaintiff.**
>
> **E. Whether the ALJ erred by failing to base her evidence on substantial evidence.**
>
> **F. There is new material evidence from after the hearing, but before the ALJ's decision was issued that provides "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence" warranting a remand under "sentence six" of 42 U.S.C § 405(g).**

The gist of plaintiff's claim is that the ALJ's decision is not based on substantial evidence because the ALJ's residual functional capacity (RFC) and severe impairment determinations "are directly contradicted by the objective medical evidence including multiple imaging studies that prove the consistency of Plaintiff's claims with the medical record" and that "[t]he ALJ failed to provide any logical basis or reasoning for the complete lack of explanation as to the impact of Plaintiff's left foot pain, broken screw plate fracture, and osteoarthritis on her ability to work." Plaintiff's Brief (ECF No. 19, PageID.1342).[1]

   **1.   RFC**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of her medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which

---

[1] Plaintiff's first five issues (§§ A through E) are generic statements which do not address a specific error. *See* Notice (ECF No. 15) ("The initial brief shall not exceed 20 pages and must contain a Statement of Errors, setting forth in a separately numbered section, each specific error of fact or law upon which Plaintiff seeks reversal or remand. Failure to identify an issue in the Statement of Errors constitutes a waiver of that issue.") (PageID.1321) (emphasis omitted).

the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). The ALJ determines the RFC "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. § 404.1520(e). Here, the ALJ found that plaintiff had the RFC to perform a range of unskilled work at the medium exertional level.

As an initial matter, plaintiff contends that the ALJ's decision should be reversed "with judgment entered in favor of the Plaintiff, as assignment of anything less than a 'medium' RFC, such as either a 'light' or 'sedentary' RFC would result in benefits being awarded to the Plaintiff pursuant to the Medical-Vocational Guideline 'grid rules.'" Plaintiff's Brief at PageID.1350. While plaintiff asks for this relief, she develops no argument with respect to the application of the Medical-Vocational Guidelines. Her requested relief appears contingent on the ALJ finding that she is unable to perform work at the medium exertional level.

The issue before the Court is whether the ALJ's finding that plaintiff has the RFC to perform medium work is supported by substantial evidence. The definition of medium work is set forth in 20 C.F.R. § 404.1567(c) as follows:

> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

As discussed, the ALJ found that plaintiff had the RFC to perform medium work, and had the ability to "lift/carry/push/pull 50 pounds occasionally and 25 pounds frequently." PageID.65. In reaching this determination, the ALJ noted that,

> While imaging does reveal medically determinable impairments, her physical exams have been relatively benign. There is no support in the medical record of a need for an assistive device as alleged by the claimant. (9E/10, 19E/2). She still has a normal gait, strength, and coordination. (6F/3, 8F, 10F, 16F/1). Her fine motor dexterity, execution, and control is bilaterally well within the average range. (16F/3). In addition, the claimant has had little treatment for her physical

6

>impairments. When a claimant alleges a condition severe enough to be disabling, there is a reasonable expectation that she will seek examination and treatment. The failure of the claimant to seek treatment for the condition is inconsistent with her allegations and the assertions that the condition is disabling. Finally, she had been working at a medium exertion job, but quit due to stress as opposed to physical reasons and the medical record does not support physical decline since then. (6F/33-35, 8F/4, l0F/21).

PageID.62 (emphasis added).

The ALJ relied on a medical opinion given by the non-examining consultant who reviewed plaintiff's medical records on November 21, 2017:

>As for the opinion evidence, the undersigned gives significant weight to the opinion of State agency medical consultant R.H. Digby, M.D., as it is consistent with the medication [sic] evidence of record. (1 A). Dr. Digby opined the claimant is capable of medium work exertion with no other physical limitations. He noted her high BMI, but that her other physical allegations are not supported by the evidence to allow further restrictions. (1A/11). Imaging showed medically determinable impairments, but lack of treatment and physical examinations do not support the degree of limitation that the claimant reports. (8F, 12F, 15F, 21F).

PageID.68.

The ALJ rejected a more recent opinion from a nurse practitioner from January 15, 2019:

>The claimant's rheumatologist Iris Zink, NP, stated the claimant cannot work at this time. (21F/4). However, this is a statement on an issue reserved to the Commissioner; therefore, it is given no weight. (20 CFR 404.1527(d)).

PageID.69. On that date, plaintiff reported to NP Zink that her pain had improved since the last visit. PageID.1315. However, she also had plantar fascitis [sic], a bunionectomy, a fractured screw plate in her foot, and stated that "she will need a repeat surgery to rectify that." PageID.1315. The ALJ's evaluation of NP Zink's opinion did not address claims related to plaintiff's leg and foot: that plaintiff was experiencing pain in her left foot; that "she was found to have a broken screw in her foot;" that "we advised she return to podiatry for further surgery;" that

7

she was seen for enthesophytes in her achillies [sic] area which can be due to psoriatic arthritis;" and "SURGERY pending asap." PageID.1317 (emphasis in original).

### 2. Changed condition

The record reflects that plaintiff had longstanding foot problems. Plaintiff developed a new medical condition after Dr. Bigby reviewed her medical records in 2017 and while her disability claim was pending. Plaintiff's administrative hearing was held on January 9, 2019 (PageID.198-221). At the hearing, plaintiff testified about the "metal" in her foot placed after a surgery, that the "metal is broken," and that when she takes a step she can feel "jabbing in this area of the foot." PageID.210-211. Plaintiff expressed pain "where the toes meet the foot." PageID.211. Plaintiff stated that she can stand for about 20 minutes at a time, and that her balance, lifting, and carrying is affected, *i.e.*, "I would be afraid of falling because I would have to control whatever I was carrying and try to compensate for my foot." PageID.211. Plaintiff testified that if she tried to lift about 20 pounds it would make her exhausted, and that walking and carrying items (such as laundry) is difficult. PageID.212. For the past two years, plaintiff could not ride a bicycle (due to lack of balance) and walking the dog is difficult because it is hard for her to maneuver on uneven ground. *Id*.

On January 10, 2019, plaintiff saw Jeffrey Morin, DPM, who noted that the "rheumatologist was doing xrays and found broken screwplate." PageID.1309. Plaintiff underwent surgery to correct the problem on February 9, 2019. PageID.128. The ALJ entered the decision denying benefits on March 11, 2019. PageID.51-79. At that time, the ALJ did not have records of plaintiff's surgery or post-operative reports. The most recent medical records reviewed by the ALJ were pre-surgery records from January 14 and 15, 2019. PageID.76, 1304-1320.

### 3. Sentence six remand

Based on this record, it appears to the Court that the ALJ did not have access to all of the records for the relevant time period of July 16, 2016, through March 11, 2019. To remedy this situation, plaintiff seeks a sentence-six remand to review medical records related to the repair of her broken foot hardware. In this regard, it appears that plaintiff wants the ALJ to review records submitted to the Appeals Council. *See* Records (ECF No. 14-2, PageID.77-114) (February 21, 2019, through September 25, 2019); (ECF No. 14-3, PageID.116-196) (February 20, 2019, through August 29, 2019).

The Appeals Council responded to this additional evidence as follows:

> You submitted records from Lansing Rheumatology dated February 8, 2019, to March 6, 2019 (8 pages), as well as records from Jeffrey Morin, DPM, dated February 21, 2019 (6 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.
>
> You also submitted records from Lansing Rheumatology dated April 10, 2019, to January 15, 2020 (81 pages), as well as records from Jeffrey Morin, DPM, dated March 21, 2019, to September 25, 2019 (24 pages). The Administrative Law Judge decided your case through March 11, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before March 11, 2019.
>
> If you want us to consider whether you were disabled after March 11, 2019, you need to apply again. . .

PageID.45. The records include, among other things, post-surgery x-rays and appointments.

When a plaintiff submits evidence that has not been presented to the ALJ, the Court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir.1988). Under sentence-six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a

9

showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . " 42 U.S.C. § 405(g). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id*.

"The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711.

Plaintiff has met her burden. In this rather unusual case, plaintiff has shown good cause for failing to include the additional medical evidence into the administrative record. Plaintiff's condition worsened shortly before her administrative hearing. She underwent surgery between the date of the administrative hearing and the date the ALJ entered his decision. Plaintiff's post-operative recovery period extended beyond the date of the ALJ's decision.

Plaintiff has also shown materiality. The broken foot hardware and necessity for surgical repair could explain and corroborate some of plaintiff's alleged symptoms. If the ALJ had this medical evidence, then there was a reasonable probability that he would have reached a

different disposition of the disability claim. Plaintiff's surgery occurred while her claim was pending before the agency. She was still recovering after the ALJ entered his decision denying benefits. There is no question that medical records generated up to and including March 11, 2019, are material to plaintiff's claims. The Court concludes that some of the medical records generated after that date are also material. Some of the records are a continuation of plaintiff's post-operative recovery. In addition, some of the records will provide the ALJ with additional evidence to evaluate plaintiff's alleged impairments which existed prior to March 11, 2019. *See generally, Geigle v. Sullivan*, 961 F.2d 1395, 1397 (8th Cir. 1992) (MRI performed six months after an administrative hearing was probative of the patient's condition prior to and at the time of the hearing). Here, the records reflect that plaintiff was using a wheelchair and walker for some time after the surgery. PageID.103, 106.

Given the record in this case, plaintiff's medical condition in her post-surgery follow-up appointments would be material and probative of plaintiff's condition as it existed on or before the ALJ's decision entered on March 11, 2019. The record reflects that the last post-surgery follow-up appointment was on April 17, 2019. *See* DPM Office Treatment Notes (April 17, 2019) (referencing "[f]ollow up in 4 months for annual examination"). PageID.107. For these reasons, this matter will be remanded pursuant to sentence six of 42 U.S.C. § 405(g). On remand, the Commissioner will be directed to re-evaluate plaintiff's RFC based on the new evidence submitted by plaintiff which was generated on or before April 17, 2019.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **REMANDED** pursuant to sentence six of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate

plaintiff's RFC based on the new evidence submitted by plaintiff which was generated on or before April 17, 2019.  An order consistent with this opinion will be issued forthwith.


Dated:  September 28, 2021            /s/ Ray Kent
                                      United States Magistrate Judge